UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-CV-23736

MATTHEW MCDONALD,

    Plaintiff,

vs.

DARLING INGREDIENTS, INC.,

    Defendant.
_____/

## **COMPLAINT**

Plaintiff, Matthew McDonald, sues Defendant, Darling Ingredients, for back wages owed to him that Defendant, Darling Ingredients, Inc., failed to pay, as follows

### *Parties, Jurisdiction, and Venue*

1.    **Plaintiff, Matthew McDonald**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*. He was an hourly non-exempt employee of Defendant who earned, but did not receive, overtime wages calculated at time and one-half times his regular rate of pay for all time he spent working over 40 hours per week from Defendant. Mr. McDonald consents to participate in this lawsuit. [DE 1-1.]

2.    **Defendant, Darling Ingredients, Inc.**, is a Texas corporation that conducts business in Florida, and it is *sui juris*. It maintains it office and place of business here, in Miami-Dade County, Florida.

3.    Defendant was Plaintiff's direct employer for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203 (d).

4.    Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts

1

business in this District, maintains at least one office and place of business in this District, because Defendant employed the Plaintiff in this District, and because most of the actions complained of occurring within this District.

### *Background Facts*

5. Defendant has been at all times material engaged in interstate commerce in the course of its provision of shipping, logistics, quality control, and related services for the transportation and re-use of cooking oil which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce. Furthermore, Defendant engages in interstate commerce in the course of its transportation, modification, marketing and sale of its products, while exchanging payments out of the State of Florida. Defendant's annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

6. In particular, Defendant own and operate a company that remanufactures, ships, stores, and transports used cooking oil and the subsequently manufactured products and materials that move through interstate commerce, and utilizing computers, heavy equipment, vehicles, cellular telephones, telephones, phone systems, and other materials and supplies to engage in interstate commerce. Defendant also advertise/market their services on the internet at www.darlingii.com, which domain they registered through GoDaddy.com, a foreign corporation.

7. Plaintiff worked for Defendant from approximately August 16, 2010 through July 10, 2014. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendant.

8. Plaintiff's work for Defendant was actually in or so closely related to the movement of commerce while he worked for Defendant that the Fair Labor Standards Act

2

applies to Plaintiff's work for Defendant in the course of his providing customer service as an "Account Manager" for Defendant.

9. Defendant paid Plaintiff a bi-weekly salary of $1,864.00.

10. Defendant required Plaintiff to work approximately 60-70 hours per week.

11. Ultimately, Defendant failed and refused to pay Plaintiff overtime wages calculated at time and one-half of his regular rate of pay for all hours worked over 40 hours in a given workweek.

12. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

13. All conditions precedent have been satisfied by Plaintiff or waived by Defendant.

### COUNT I –OVERTIME VIOLATION

Plaintiff reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

14. Defendant willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half his regular rate of pay for each of the overtime hours he worked during the relevant time period.

15. Defendant either recklessly failed to investigate whether its failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, it intentionally misled Plaintiff to believe that Defendant were not required to pay his overtime, and/or Defendant concocted a scheme pursuant to which it deprived Plaintiff of the overtime pay he earned.

16. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

WHEREFORE Plaintiff, Matthew McDonald, demands the entry of a judgment in his favor and against Defendant, Darling Ingredients, Inc., after trial by jury and as follows:

a. That the named Plaintiff recover compensatory damages for all time worked and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

c. That Defendant be Ordered to make the Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

d. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 10th day of October, 2014.

Respectfully Submitted,

FAIRLAW FIRM
*Counsel for Plaintiff*
8603 S. Dixie Highway
Suite 408
Tel:   305.230.4884
Fax:   305.230.4844

s/*Brian H. Pollock, Esq.*
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com

4

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com